IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KHANIS MORNINGSTAR**  **PLAINTIFF**
**ADC #164590**

v.  Case No. 4:23-cv-00460-KGB

**JAMES H. SMITH, JR.,** *et al.*  **DEFENDANTS**

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Benecia B. Moore (Dkt. No. 42). Plaintiff Khanis Morningstar has filed objections to the Recommended Disposition (Dkt. No. 43). After careful consideration of the Recommended Disposition, the objections, and a *de novo* review of the record, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 42).

The Court writes briefly to address Mr. Morningstar's objections. Mr. Morningstar objects that defendant James H. Smith, Jr., M.D. was deliberately indifferent to Mr. Morningstar's serious medical needs when Dr. Smith diagnosed Mr. Morningstar with Bell's Palsy, ordered conservative treatment of observation, provided Mr. Morningstar with a handout about Bell's Palsy, and directed him to return to the clinic as needed (Dkt. Nos. 2-1, at 4; 30-5, at 1). As set forth in Judge Moore's Recommended Disposition, Dr. Nicholas Newton Gowen, M.D., FACP ("Dr. Gowen") reviewed Mr. Morningstar's medical records and opined in an affidavit that "the medical care and treatment provided to Mr. Morningstar regarding his Bell's Palsy was appropriate, adequate, and timely." (Dkt. No. 30-7 at 2, ¶ 9). Specifically, Dr. Gowen noted that, "[t]here is no cure for Bell's Palsy and medical treatment consists of management of the condition." (Dkt. No. 30-7 at 2, ¶ 6). Dr. Gowen notes that "70-75% of patients with Bell's Palsy recover without treatment and

observation is an appropriate initial treatment." (*Id.*). Judge Moore determined, based on the undisputed evidence in the record, that "[i]t was appropriate for Dr. Smith to order observation on September 22, 2022." (*Id.*, ¶ 9).

Mr. Morningstar asserts in his objections that Dr. Gowen's statements are not valid because "medical clearly state[s] that Plaintiff was refused medical treatment in a timely manner and his diagnosis had worsened since initial diagnosis." (Dkt. No. 43, at 1). Mr. Morningstar does not point the Court to anything specific in the record to support his assertion that he was refused treatment. In fact, the record reflects that Mr. Morningstar refused treatment (Dkt. Nos. 30-2; 30-6, at 1–2).

The medical records state that Mr. Morningstar refused medical treatment in December 2022 (Dkt. No. 30-6). In his objections, Mr. Morningstar disputes that he refused treatment (Dkt. No. 43, at 1). As Judge Moore points out in her Recommended Disposition, Mr. Morningstar's claims disputing his refusal of treatment are based on unsworn and unattested assertions and do not create disputes of material fact for summary judgment purposes (Dkt. No. 42, at 4, n.4 (citing *Banks v. Deere*, 829 F.3d 661, 668 (8th Cir. 2016)). Mr. Morningstar has not come forward with any evidence to dispute Dr. Gowen's testimony. Accordingly, the Court agrees with Judge Moore's determination adopting Dr. Gowen's opinion in all respects.

Further, the record is undisputed that Mr. Morningstar received treatment from a different physician in May 2023 that included prescriptions for Naproxen and Prednisone and that he eventually saw improvement of his Bell's Palsy. Mr. Morningstar admits that, after some time with the treatment that he received from infirmary staff, he found relief from his symptoms (Dkt. No. 43, at 2).

The Court overrules Mr. Morningstar's objections as to Mr. Morningstar's deliberate indifference claims against Dr. Smith. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) ("mere disagreement with treatment decisions does not rise to the level of a constitutional violation.") (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

In his objections, Mr. Morningstar asserts that defendant Charlotte Gardner was deliberately indifferent to his serious medical needs because she assured him that he would receive treatment for his Bell's Palsy on December 5, 2022, but failed to see that he received it. As set forth in Judge Moore's Recommended Disposition, Ms. Gardner found that Mr. Morningstar's grievance had merit and ensured Mr. Morningstar was on the sick call list for the next day (Dkt. Nos. 15-3 at 3; 30-6, at 1–2). As set forth above, however, Mr. Morningstar refused to be seen at sick call December 6, 2022 (Dkt. No. 30-6 at 1–2). Furthermore, as Judge Moore explains, Ms. Gardner was not responsible for Mr. Morningstar's treatment decisions and could reasonably rely on the expertise of his treating physician, Dr. Smith. *See Rowe v. Norris*, 198 F. App'x 579, 580 (8th Cir. 2006).

Mr. Morningstar asserts that, on January 19, 2023, Ms. Gardner "refused Plaintiff['s] right to further grieve about his medical condition worsening due to lack of medical care [that] she knew he had not received by accusing his grievances of being untimely and duplicates of the original grievance she first found with merit on December 5, 2022." (Dkt. No. 43, at 1).[1] As set forth in Judge Moore's Recommended Disposition, this statement did not alert Ms. Gardner to a possible

---

[1] Ms. Gardner responded to three grievances regarding Mr. Morningstar's Bell's Palsy. In the first grievance, Mr. Morningstar grieved that Dr. Smith refused to provide him treatment and that an unknown nurse denied his request for sick call on November 4, 2022, because his Bell's Palsy would "heal on its own." (Dkt. No. 2-1 at 17). In the second and third grievance, Mr. Morningstar continued to grieve about his lack of treatment from Dr. Smith (Dkt. Nos. 15-4 at 1; 15-5 at 1).

constitutional violation but, at most, a violation of Arkansas Division of Correction ("ADC") policy.  Further, Mr. Morningstar does not assert multiple incidents of a violation of ADC policy but rather an isolated incident of unconstitutional conduct.  Accordingly, Mr. Morningstar has not shown a pattern of unconstitutional acts by Ms. Gardner.  *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015).

The Court finds that Mr. Morningstar's objections break no new ground and fail to rebut the Recommended Disposition.  Thus, the Court adopts the Recommended Disposition as its own in its entirety (Dkt. No. 42).

It is therefore ordered that:

1.The Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 42).

2.The Court grants defendants' motion for summary judgment (Dkt. No. 28).

3.The Court dismisses with prejudice Mr. Morningstar's claims against Dr. Smith and Ms. Gardner.

4.For the reasons set forth in this Order and all of the other Orders entered in this case, the Court dismisses Mr. Morningstar's complaint (Dkt. No. 2).

It is so ordered this 8th day of September, 2025.

_____
Kristine G. Baker
Chief United States District Judge